

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-68,543-03

**EX PARTE PAUL EUGENE DENLEY, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 417904-B IN THE 262ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O R D E R

Applicant was convicted of aggravated sexual assault and sentenced to twenty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Denley v. State*, No. B14-85-00532-CR (Tex. App. — [14th Dist.] June 25, 1987). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that, due to a *nunc pro tunc*, his sentence discharged prior to the issuance of a pre-revocation warrant that resulted in his parole revocation. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.283(b) and (c); *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). Accordingly, the record should be developed. The trial court

is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state the following:

(1) Applicant's sentence-begin date,
(2) the date and effect of any *nunc pro tunc* judgments on Applicant's discharge date,
(4) the dates any revocation warrants were issued and executed, and
(5) whether Applicant received credit while released on parole.

The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within thirty days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:        August 25, 2021
Do not publish